IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
      **Plaintiff/Respondent,**

vs.                                            Civ. No.      07cv0002 JC/LCS
                                                   Crim. No.    03cr1849 JC

**ANDRES LUQUE-CANO,**
      **Defendant/Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Movant Luque-Cano's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed December 26, 2006. (Doc. 1.) Movant attacks the Sentence entered on March 15, 2004 in the case styled *United States v. Andres Luque-Cano*, CR 03-1849 JC, United States District Court for the District of New Mexico.[1] (Docs. 18, 19/03CR1849.) The United States Magistrate Judge, having reviewed the petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's petition be **DENIED**.

**I.**     **PROCEDURAL HISTORY**

1.     On September 17, 2003, a federal grand jury returned an indictment against Movant. (Doc. 7/03CR1849.) The indictment charged Mr. Luque-Cano, who had a previous conviction for commission of an aggravated felony, with illegally reentering the United States in

---

[1] References to documents in the related criminal case, 03CR1849, will be cited using the document number followed by /03CR1849. Citations using only a document number refer to the documents filed in Movant's present habeas case, 07CV0002.

1

violation of 18 U.S.C. § 1326(a)(1)-(2) and (b)(2).  (*Id.*)

2. Mr. Luque-Cano pled guilty to the indictment on October 30, 2003.  (*See* Doc. 13/03CR1849.)  Mr. Peter Edwards, Movant's counsel, filed a Sentencing Memorandum and Incorporated Motion for Downward Adjustment and Departure on March 2, 2004.  (Doc. 17/03CR1849.)  In the sentencing memorandum, Movant did not object to the sentencing guideline calculation contained within the pre-sentence report ("PSR"), but he did request a downward departure.  (*See id.* at 1-2/03CR1849.)  Mr. Edwards noted that "the Assistant United States Attorney did not offer Mr. Luque-Cano a plea" because of "the nature and extent of [Movant's] criminal history . . . ."  (*Id.* at 1/03CR1849.)  As Mr. Edwards explained, "[w]ere it not for the extent of the criminal history, [Movant] may have been eligible for a standard fast-track plea offer to an offense level 17."  (*Id.* at 1-2/03CR1849.)

3. On March 15, 2004, Movant appeared before the Honorable John E. Conway, Senior United States District Judge, for sentencing.  (Doc. 19/03CR1849.)  The Court sentenced Movant to 77 months in the custody of the Bureau of Prisons.  (*Id.*)  The sentence was imposed based on an offense level of 21, a criminal history category of VI, and a sentencing range of 77-96 months.  (*Id.*; *see also* Doc. 19/03CR1849.)

4. Mr. Edwards filed a notice of appeal for Movant with the Tenth Circuit on March 24, 2004.  (Doc. 20/03CR1849.)  Mr. Edwards simultaneously filed an *Anders* brief and moved to withdraw from his representation of Mr. Luque-Cano.[2]  Movant filed a motion with the Tenth Circuit on July 15, 2004 to extend the time to file a response to Mr. Edwards' *Anders* brief.

---

[2] A copy of the *Anders* brief is on file with the Court.

(Doc. 2, Ex.[3] at 2-3.)  The Tenth Circuit granted Mr. Luque-Cano's motion and gave him until August 23, 2004 to file a response; Mr. Luque-Cano never responded.  (*See id.*, Ex. at 1; *see also* Doc. 23 at 2 n.1/03CR1849.)

5.     The Tenth Circuit affirmed Movant's conviction on December 14, 2004.  (Doc. 23/03CR1849.)  Mr. Luque-Cano filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 with this Court on December 26, 2006.  (Doc. 1.)  The United States filed its response to Movant's motion on March 5, 2007.  (Doc. 6.)  Movant has not filed a Reply.

**II.    ANALYSIS**

Movant raises the following issues in his Petition:

I.     Whether counsel was ineffective for failing to pursue a fast track offer.

II.    Whether counsel was ineffective for failing to advise Movant of any rights under *Anders*.

6.     After reviewing the motion, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 ¶ 2 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ."  When reviewing the motion, the Court will liberally construe a *pro se* litigant's pleadings and hold the litigant to a less stringent standard than pleadings drafted by an attorney.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing.  28 U.S.C. § 2255;

---

[3] I will refer to the attachments to Movant's memorandum (Doc. 2) as one exhibit with pages numbered 1-5.  The July 20, 2004 Order out of the Tenth Circuit is page 1, Movant's motion for an extension of time comprises pages 2-3, and the photocopies of Movant's legal mail are pages 4-5.

*United States v. Marr*, 856 F.2d 1471, 1472-73 (10th Cir. 1988) (citations omitted).

      **A.**      **Movant's Petition is Time Barred.**

      7.      Mr. Luque-Cano's petition should be dismissed because it is time barred. Section 2255 petitions are "governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a one-year limitations period for federal prisoners seeking habeas relief." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (citing 28 U.S.C. § 2255 ¶ 6); *see also* 28 U.S.C. § 2244(d)(1). "'[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires.'" *Id.* (quoting *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000)). "A petition for a writ of certiorari must be filed within ninety days after denial of a timely petition for rehearing." *Id.* Mr. Luque-Cano did not file a petition for writ of certiorari with the Supreme Court, and so the one-year limitation period began to run on March 14, 2004, ninety days after the Tenth Circuit issued its judgment denying his appeal. (Doc. 23/03CR1849.) *See also Clay v. United States*, 537 U.S. 522, 525 (2003); *Hurst*, 322 F.3d at 1259. Accordingly, the one-year period for Movant to file this petition ended on March 15, 2006. *See Hurst*, 322 F.3d at 1261. Movant filed this petition on December 26, 2006, well after the one-year period expired. (Doc. 1.)

      8.      Movant argues that the Court should toll the one-year period, because Movant believed his counsel and the Court were "reviewing the matter[,]" and because he was "constantly in transit by the United States Marshal Service." (Doc. 2 at 2.) The one-year statute of limitations, however, is only subject to equitable tolling "'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806,

811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)).  "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  *Id.* (citations omitted).

      9.      The Court should not toll the one-year period.  Mr. Luque-Cano has not sufficiently demonstrated why he was unable to file a petition within the time allotted.  First, he has presented no evidence to show that he was "constantly in transit" for a period of one year.  Second, Movant's argument that he thought his counsel and the Court were reviewing the matter is unpersuasive.  Excusable neglect or ignorance of the "one-year limitations period does not support the application of equitable tolling principles."  *Id.*  I recommend that Mr. Luque-Cano's entire petition be dismissed as time barred.

      **B.**      **Movant Fails to Demonstrate Ineffective Assistance of Counsel.**

      10.      Even if Movant's petition was not time barred, it would fail on the merits.  Claims of ineffective assistance of counsel "present mixed questions of law and fact . . . ."  *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citation omitted).  To prove that his counsel's assistance was constitutionally ineffective, Mr. Luque-Cano has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense. . . .  Unless a defendant makes both showings, it cannot be said that the

conviction . . . resulted from a breakdown in the adversary process . . . .

*Id.* at 687.

11.     To clear the first prong of *Strickland*, Movant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Id.* at 688. There is a strong presumption that the challenged actions of counsel come within this wide range; the actions must be viewed not from hindsight, but "from counsel's perspective at the time." *Id.* at 689.

12.     Should Movant demonstrate that his counsel's performance was constitutionally ineffective, he must also clear the second prong of *Strickland* by showing that he suffered prejudice. *Id.* at 691-92. Any prejudice "must be made in view of the strength of the government's case." *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (citation and quotation marks omitted). He must "demonstrate that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998) (citations and quotation marks omitted). A reasonable probability is one "sufficient to undermine confidence in the outcome" of the prior proceeding. *Strickland*, 466 U.S. at 694.

13.     The Court need not address both prongs of the inquiry if Mr. Luque-Cano makes an insufficient showing on either deficient performance or prejudice. *Id.* at 697. Mr. Luque-Cano, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief. *Hall*, 935 F.2d at 1110. Mere conclusory allegations without factual support are insufficient to meet this burden. *Id.* (citations omitted).

1.  **Movant Fails to Sustain His Burden under *Strickland* on His First Claim of Ineffective Assistance.**

14.     Movant's attorney was not ineffective for failing to pursue a fast track offer. (*See* Doc. 2 at 3-4.) It appears Movant argues that he suffered a due process violation because he did not receive a fast track plea offer, allegedly because this District does not have a fast track policy. (*See id.* at 3-8.) Movant is mistaken. New Mexico has a fast track program for reentry defendants. *See United States v. Morales-Chaires*, 430 F.3d 1124, 1127 n.1 (10th Cir. 2005). Furthermore, his attorney not only knew about the fast track program, but he also explained in the sentencing memorandum that Movant was not offered a fast track plea because of Movant's extensive criminal history. (Doc. 17 at 1-2/03CR1849.) The PSR reflects that Movant has been arrested thirty-eight times in the last twenty-five years, often on drug or assault charges.[4] Of these, less than half of the cases were dismissed. Movant received jail or prison time, a suspended sentence, or fines for the majority of the charges. As Respondent explains in its brief, "[t]he United States would rarely if ever make a fast track offer to a defendant with such an extensive criminal history." (Doc. 6 at 8.)

15.     Movant has failed to show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Nor can I say that Movant's attorney acted unreasonably. Attorneys are not expected to make meritless arguments. *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (citing *Strickland*, 466 U.S. at 691-96). Mr. Edwards appreciated the fact that Movant's criminal history rendered Movant an unlikely candidate for a fast track plea offer and instead requested an adjustment or downward

---

[4] A copy of the PSR is on file with the Court.

departure from the PSR guideline calculations. (Doc. 17 at 1-2/03CR1849.) Even if Mr. Edwards had sought a fast track plea offer, Movant has not demonstrated that the United States would have entertained the request, or "that there is a 'reasonable probability' . . . the outcome would have been different had" his attorney requested a fast track plea offer. *Duvall*, 139 F.3d at 777 (citations and quotation marks omitted). Accordingly, I recommend that the Court dismisses his first claim of ineffective assistance of counsel.

### 2.  Movant Fails to Satisfy the *Strickland* Test on His Second Claim of Ineffective Assistance.

16. Movant's attorney was not ineffective for failing to advise Movant of his rights under *Anders*. (*See* Doc. 2 at 3-4.) Once Mr. Edwards filed his *Anders* brief, Movant was entitled to a copy of the brief and time to respond. *Anders v. California*, 386 U.S. 738, 744 (1967). These requirements were both met: Movant obviously received a copy of the *Anders* brief because he moved for more time to respond to it. (*See* Doc. 2, Ex. at 1-3.) Also, Movant had over sixty days to respond to the brief – Mr. Edwards filed the brief on June 21, 2004, and the Tenth Circuit allowed Movant an extension to respond through August 23, 2004.[5] (*See id.*, Ex. at 1.) Movant is unable to show the his counsel's assistance was unreasonable or prejudiced Movant in any way. His second claim of ineffective assistance should be denied.

### III.  RECOMMENDATION

17. I recommend that Mr. Luque-Cano's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**. Timely objections to the foregoing may be

---

[5] The docket for the appeal in the Tenth Circuit is available online at the PACER website, http://pacer.psc.uscourts.gov/.

made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**